UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No.: 2:19-cv-170-FtM-38NPM

DENNIS J. OURY and SUSAN E. OURY,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 29) filed on September 25, 2019. Defendants *pro se* filed a Response in Opposition (Doc. 32), Declaration in Support (Doc. 33), and Counterstatement of Genuine Issues of Fact (Doc. 34), requesting relief under Fed. R. Civ. P. 56(d). Plaintiff Replied (Doc. 39), and Defendants Sur-replied (Doc. 43). For the reasons set forth below, the Motion for Summary Judgment is denied without prejudice and Defendants' Rule 56(d) request is granted.

## **BACKGROUND**

The United States brings this tax case to reduce to judgment federal income tax assessments made against Defendants-taxpayers Dennis and Susan Oury (husband and wife). The Government seeks judgment as to tax years 2004-2014 and 2016, and in its

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Motion for Summary Judgment, the United States lists the amounts owed for each tax year, as well as the assessment dates (Doc. 29), which is supported by the Declaration (and attached exhibits) of Steven B. Sillars ("Sillars Declaration"), a Revenue Officer with the Internal Revenue Service (IRS). (Doc. 29-2, at ¶ 4). A delegate of the Secretary of the Treasury properly gave notice of the taxes to Defendants and made demand for payment. (Doc. 29-2, at ¶ 7). As of September 17, 2019, Defendants owed the United States $1,643,114.48 in assessments, plus penalties and interest that continue to accrue. (Doc. 29-2, at ¶ 7). Despite notices of the assessments and demands for payment, Defendants have failed to fully pay the assessments. This suit was filed on March 20, 2019.

On or about May 3, 2018, Defendants requested an installment agreement from the IRS for all years at issue in this case, but that request was rejected by the United States on or about September 19, 2018. (Doc. 29-2, at ¶¶ 8-9). The United States moves for summary judgment, arguing that there is no dispute that the outstanding taxes are due. Defendants[2] argue under Fed. R. Civ. P. 56(d) that they cannot adequately respond because discovery has not yet been conducted, submitting the Declaration of Dennis J. Oury (Doc. 33) in support. The discovery deadline is March 31, 2020. (Doc. 27).

---

[2] Although the Opposition (Doc. 32) and Counterstatement of Genuine Issues of Fact (Doc. 34) were purportedly filed on behalf of both Defendants, only Dennis Oury signed the Opposition, and neither Defendant signed the Sur-reply (Doc. 43). Since Dennis and his wife are proceeding *pro se*, he may not sign a pleading on his wife's behalf, or as her representative. See 28 U.S.C. § 1654; Fed. R. Civ. P. 11(a). Fed. R. Civ. P. 11(a) states that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Because the Court has not yet called the omitted signatures to Defendants' attention, the Court will consider the Opposition, Counterstatement, and Sur-reply as to both Defendants but **cautions Defendants in the future that all papers must be signed by *both* Defendants; otherwise, the Court will summarily strike the filing**.

## STANDARD

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citations omitted).

Rule 56(d) expressly provides that the Court may deny a motion for summary judgment if a non-movant shows by affidavit that "it cannot present essential facts to justify its opposition." Fed. R. Civ. P. 56(d). That Rule provides that "[i]f a nonmovant shows by affidavit or declaration that ... it cannot present facts essential to justify its opposition" to summary judgment, "the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Entry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error. *See WSB-TV v. Lee*, 842 F.2d 1266,

1269 (11th Cir. 1988). A party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery to determine whether it may furnish opposing affidavits. *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). Ruling on the merits of a case in which a motion for summary judgment has been prematurely filed would frustrate the non-movant's right to investigate factually. *Blumel v. Mylander*, 919 F. Supp. 423, 429 (M.D. Fla. 1996). The Eleventh Circuit has cautioned that "summary judgment may only be decided upon an adequate record." *Snook*, 859 F.2d at 870 (quoting *WSB-TV*, 842 F.2d at 1269).

## DISCUSSION

"An 'assessment' is a procedure in which the IRS records the liability of the taxpayer in IRS files." *Behren v. United States*, 82 F.3d 1017, 1018 n.1 (11th Cir. 1996) (citing 26 U.S.C. § 6203; 26 C.F.R. § 301.6203-1)). "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness – a presumption that can help the Government prove its case against a taxpayer in court." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) (citing *United States v. Janis*, 428 U.S. 433, 440–41 (1976)); *Suarez v. United States*, 582 F.2d 1007, 1010 & n. 3 (5th Cir. 1978).[3] "Unquestionably the burden of proof is on the taxpayer to show that the commissioner's determination is invalid." *Helvering v. Taylor*, 293 U.S. 507, 515 (1935).

The Ourys argue that they have not had the opportunity to gather any evidence to rebut or overcome any of the amounts due and the timeliness of the 2004 assessment.

---

[3] The Eleventh Circuit Court of Appeals has adopted the case law of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981, as its governing body of precedent. This precedent is binding unless and until overruled or modified by this Court en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209-11 (11th Cir. 1981) (en banc).

4

Specifically, Defendants state discovery is needed regarding the computation of the amount of interest and penalties on the tax liabilities because information as to how the amounts due were calculated has not been provided. Defendants need this information to determine whether the United States has followed its statutory and regulatory requirements. Defendants further states that discovery is required as to whether Defendants had an installment agreement with the United States that could render the 2004 assessment untimely.

The United States responds that the Eleventh Circuit recently stated that a party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts," but "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019) (quoting *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)). In this case, the United States believes that Defendant has not satisfied this standard as to the amount of liability, nor the timeliness of the 2004 assessment.

The Court finds that Defendants have at least satisfied the standard set forth in *City of Miami Gardens* as to whether the 2004 assessment was timely. The United States generally has 10 years from the date of an assessment to bring a proceeding in court to collect an unpaid tax. 26 U.S.C. § 6502(a)(1). The United States filed its Complaint on March 20, 2019. (Doc. 1). Of the assessments identified in the Complaint, only the assessment made on October 13, 2008 for 2004 occurred before March 20, 2009. However, a taxpayer's offer for an installment agreement that is ultimately rejected

5

prohibits the IRS from levying property and suspends the running of the ten-year period for so long as the offer is pending and for 30 days following its rejection. *See* 26 U.S.C. § 6331(k)(2) and (k)(3)(B) (applying the suspension of the statute of limitations found in 6331(i)(5) to rejected offers for installment agreements). Here, the United States asserts that Defendants had a "pending" request for an installment agreement for all of the years at issue in this case – including 2004 – from May 3, 2018 until its rejection on September 19, 2018. As a result, the United States takes the position that the 10-year period to bring this suit was suspended by at least 169 days. The suspension extended the statute of limitations for the 2004 assessment until March 31, 2019; therefore, this suit is timely as to the assessment for 2004.

In Response, the Ourys point out that in the letter from the Ourys to the IRS dated March 6, 2018[4], the Ourys requested an installment agreement, which states: "Also, as you are aware, I had entered into a settlement through your office last year." (Doc. 29-2, at 84). Defendant's Declaration in Support, states that an installment agreement was entered into by the parties, that the agreement provided that monies were to be automatically deducted from the taxpayers' bank account, and the IRS never did so. (Doc. 33, at ¶ 12). The Counterstatement of Genuine Issue of Material Fact (Doc. 34) states: "Defendant had an executed installment agreement which was breached by the IRS prior to the rejection of the agreement [on or about September 19, 2018] [ ]. Discovery on this issue is necessary to determine whether or not the initial installment agreement should be reinstated and if, in any case, the 2004 assessments are actually due." (Doc. 34, at 2).

---

[4] Although the letter is dated March 6, 2018, the Sillars Declaration (Doc. 29-2) states that the IRS did not receive the letter until on or about May 3, 2018. (Doc. 29-2, at ¶ 8).

The Court finds that Defendants should be afforded the opportunity to explore through discovery what, if any, impact any purported installment agreement(s) might have had on the timeliness of the 2004 assessment. Discovery in this case does not close until March 31, 2018. As such, good cause exists to deny Plaintiff's Motion for Summary Judgment without prejudice pursuant to Fed. R. Civ. P. 56(d).[5]

Accordingly, it is now

**ORDERED:**

(1)   Plaintiff's Motion for Summary Judgment (Doc. 29) is **DENIED without prejudice** and Defendants' request for relief under Fed. R. Civ. P. 56(d) is **GRANTED**.

(2)   Plaintiff may file an amended motion for summary judgment after all necessary discovery takes place.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of December, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[5] The United States argues that if the Court finds that discovery is warranted as to the 2004 assessment, the Court should still enter summary judgment for the other years at issue. (Doc. 39, n.4). However, the Court declines to enter judgment in such a piecemeal fashion.