UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v().                                      Case No.: 2:19-cv-00170-JLB-NPM

DENNIS J. OURY and SUSAN E. OURY,

    Defendants.
_____/

## ORDER

In this action to collect unpaid federal income tax assessments from Defendants Dennis and Susan Oury, a husband and wife proceeding pro se, the United States moves for summary judgment a second time.[1] (Doc. 54.) The Court finds that no genuine issues of material fact remain, and the United States' motion for summary judgment is therefore **GRANTED**. Furthermore, Defendants' second motion for additional discovery pursuant to Federal Rule of Civil Procedure 56(d), (Doc. 63), is **DENIED**.

The Court's prior discussion of this case's factual and procedural history in the December 11, 2019 Order is fully incorporated herein. (Doc. 44 at 1–2.) In a nutshell, viewing the facts in the light most favorable to the nonmoving parties, one or both Defendants failed to file tax returns or underreported their income during a twelve-

---

[1] A December 11, 2019 Order, (Doc. 44), denied the United States' first motion for summary judgment, (Doc. 29), and granted Defendants additional time for discovery under Rule 56(d).

year span, from 2004 through 2016. The United States provided Defendants with a notice of tax assessments for those tax years. (Doc. 54-2 at ¶¶4–9.) The final assessment to Defendants, which related to the 2004 tax year, was levied by the Internal Revenue Service (IRS) on October 13, 2008. (*Id.* at ¶4.) In a letter received by the IRS on May 3, 2018, Defendants requested an installment agreement to pay their tax liabilities. (*Id.* at ¶10, Ex. O.) For one reason or the other, the IRS, on September 19, 2018, rejected Defendants' request. (*Id.* at ¶11, Ex. P.)

On March 20, 2019, the United States filed this action to reduce its federal income tax assessments to judgment. (Doc. 1.) After the United States filed its first motion for summary judgment, (Doc. 29), Defendants moved for additional time to pursue discovery under Federal Rule of Civil Procedure 56(d). (Doc. 32.) The reasoning behind Defendants' request was less than clear. This Court nevertheless granted Defendants' motion and denied the United States' motion for summary judgment without prejudice. (Doc. 44.) Defendants, as they did before, now oppose the United States' renewed motion for summary judgment and move pursuant to Rule 56(d) for additional time such that they can "obtain responses to all discovery to which they are entitled." (Doc. 63 at 5.)

The United States has readily established that: (1) the IRS assessed taxes on Defendants, (2) Defendants failed to pay those taxes, and (3) the United States timely brought this case within the ten-year statute of limitations. It did so principally through the Declaration of Steven B. Sillars (Sillars Declaration)—a revenue officer with the IRS—and its accompanying documents. (Doc. 54-2.) Specifically, the United

2

States established that, as of April 15, 2020: (1) Mr. Oury owed the United States $1,690,247.91 for tax years 2004 through 2014 and 2016; and (2) Mrs. Oury owed $847,378.78 for tax years 2007 through 2014 and 2016. (Doc. 54-2 at ¶9.) In addition to these amounts, the Sillars Declaration and its attachments establish that Defendants are subject to penalties and interest that continue to accrue, as prescribed by federal statutes and regulations. (*Id.*)

Defendants oppose summary judgment and move for additional time for discovery pursuant to Rule 56(d). (Doc. 63.) Rule 56(d) provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition the court the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Defendants' arguments in support of this second request pursuant to Rule 56(d) are vague. They assert that they should "be afforded the opportunity to obtain responses to all discovery to which they are entitled." (Doc. 63 at 5.) But as the United States explains in its reply, Defendants wholly fail to specify a persuasive reason that, absent additional discovery, they cannot oppose the United States' renewed motion for summary judgment. (Doc. 70.)

First, the Court finds that Defendants neglected to act diligently. Five months have elapsed between this Court's December 11, 2019 Order granting Defendants' first Rule 56(d) motion, and the United States' filing of its renewed motion for summary judgment. Moreover, discovery in this case closed on March 31, 2020. (Doc. 27 at 1.) Yet the record lacks evidence of any meaningful attempt by Defendants to

3

clarify what they are waiting for the United States to produce.[2] The Court therefore finds that Defendants failed to act diligently in pursuing discovery. But, as set forth below, additional discovery time would not have assisted Defendants anyway.

Construing the pro se Defendants' filings liberally, they argue that additional discovery is required because not all the claims raised in the operative Complaint are timely. The Court disagrees. Generally, the United States has ten years from the date of an unpaid tax assessment to commence an action. 26 U.S.C. § 6502(a)(1). A taxpayer's offer for an installment agreement both prohibits the IRS from levying property and **suspends the running of the ten-year period** during the pendency of that offer plus thirty additional days following the offer's rejection. *See* 26 U.S.C. § 6331(k)(2), (k)(3)(B). But even if this statute-of-limitations defense were properly raised by Defendants, which it was not,[3] affording Defendants additional time for discovery would not have made a difference. Only one unpaid tax assessment occurred prior to March 20, 2009: the October 13, 2008 assessment relating to the 2004 tax year. Additional discovery as to this assessment would not have been

---

[2] Defendants apparently served one request for interrogatories, but the United States did not respond to the request because it was unsigned. *See* Fed. R. Civ. P. 26(g)(2) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed . . . .").

[3] Defendants never raised the statute of limitations as an affirmative defense in their Answer and missed this Court's deadline to do so. (Doc. 27.) The defense is therefore waived. *See* Fed. R. Civ. P. 8(c); *Day v. Liberty Nat'l Life Ins. Co.*, 122 F.3d 1012, 1015 (11th Cir. 1997). But even if they had timely asserted a statute-of-limitations defense, all unpaid assessments asserted by the United States in the operative complaint are indeed timely. *See* 26 U.S.C. §§ 6331(i)(5), (k)(2) and (k)(3)(B), 6502(a)(1.

helpful because the record leaves no genuine issue of material fact that the October 13, 2008 tax assessment was also timely.  26 U.S.C. § 6331(k)(2), (k)(3)(B).

It is undisputed that Defendants had a "pending" request for an installment agreement from May 3, 2018 (the date the IRS received their request) until the IRS's rejection of that request on September 19, 2018—a total of 139 days.  (Doc. 54-2 at ¶¶ 10–11, Ex. O.)  Adding thirty additional days to the limitations period pursuant to sections 6331(k)(2) and (k)(3)(B), yields a 169-day tolling period of the ten-year statute of limitations.  This extended the United States' filing deadline from October 13, 2018 (ten years after the date of the latest assessment) to March 31, 2019.  (Doc. 54 at 12.)  The tolling period renders the instant complaint filed on March 20, 2019, timely as to the October 13, 2008 assessment as well.  Further discovery will not impact these calculations, as it is Defendants' own letter to the IRS that establishes the triggering dates for the tolling of the ten-year statute of limitations.

Next, Defendants seem to contend that additional discovery is necessary to determine the amount of interest and penalties they owe on the unpaid tax debts or their proposed installment agreement.  (Doc. 80 at 2–3.)  But the amounts of interest and penalties owed to the United States are matters of law which would not be clarified by factual discovery. [4]  These amounts are derived by operation of federal statute or regulation based on the amount of unpaid or unreported tax.  *See* 26 U.S.C.

---

[4] *Accord Wright v. Comm'r,* 471 F. App'x 21, 23 (2d Cir. 2012); *United States v. Hammon*, 277 F. App'x 560, 569 (6th Cir. 2008); *United States v. Sarubin,* 507 F.3d 811, 816 (4th Cir. 2007); *United States v. Schroeder*, 900 F.2d 1144, 1150 n.5 (7th Cir. 1990).

§§ 6601 (explaining accrual of interest on unpaid taxes); 6621 (establishing the rate of interest on unpaid taxes); 6622 (specifying that interest compounds daily on unpaid or unreported taxes); 6651(a), (f) (setting forth the penalties for failure to timely file returns and pay taxes owed based on the percentages of the amount of unpaid and/or unreported tax); 6654 (specifying that penalties for failure to pay estimated quarterly taxes are equivalent to unpaid portion of the required quarterly installments); Rev. Rul. 2020-7, 2020-12 I.R.B. 522 (2020) (setting interest rate for second quarter of 2020 at 5%). Further discovery will not impact these calculations.

Even more, the facts required to derive the applicable penalties are readily available (and fully supported) by the record evidence submitted by the United States through the Sillars Declaration and its attachments. In fact, the amounts of the unpaid or unreported taxes owed are not even disputed by Defendants in any material way.[5] *See George v. United States*, 819 F.2d 1008, 1013 (11th Cir. 1987) ("George has not offered any information which sheds doubt on the accuracy of the assessed amount."). Defendants' nebulous attacks on the amounts owed do not overcome their burden of demonstrating that IRS's method of compounding the amounts owed (and therefore the assessment) is "arbitrary and without foundation." *Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1987) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969)). Simply stated, the United States has readily proved that no

---

[5] Defendants vaguely assert that the further discovery is needed because the United States is the "'keeper of the information'" and is withholding relevant information from them. (Doc. 80 at 3.) This bold assertion is without support. The document supporting the United States' calculation of the amounts owed have been turned over to Defendants and are in the record here. (Docs. 54, 54-2, 54-3, 54-5.)

genuine issues of material fact remain, and Defendants wholly failed to offer "affidavits or other relevant and admissible evidence" to rebut the United States' showing. *Avirgan v. Hull*, 932 F.2d 1572, 1477 (11th Cir. 1991).

Accordingly, it is **ORDERED:**

1. Defendants' motion for additional discovery pursuant to Federal Rule of Civil Procedure 56(d), (Doc. 65), is **DENIED**. For the reasons set forth in this Order, the United States' well-reasoned renewed motion for summary judgment (Doc. 54), and the United States' memorandum in reply to Defendants' opposition to renewed and amended summary judgment (Doc. 70), the United States' renewed motion for summary judgment is **GRANTED**.

2. No later than **August 31, 2020**, the United States must submit a memorandum that details the interest and penalties that have accrued from April 15, 2020 through the date on which the United States files its memorandum. If the United States fails to timely respond, the Court shall direct the clerk to enter judgment for the United States against: (1) Dennis J. Oury in the amount of $1,690,247.91 (including interest and penalties accrued up to and including April 15, 2020); and (2) against Susan E. Oury in the amount of $847,378.78 (including interest and penalties accrued up to and including April 15, 2020).

**ORDERED** in Fort Myers, Florida, August 18, 2020.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE